## Simpkins v. Pennsylvania Railroad Company

*Matthew Kramer*, for petitioner.

PARRY, J., March 18, 1938.—This petition for a reargument arises out of the Court's failure to withhold its decision until after the plaintiff's attorney found it con-

venient to file a supplemental brief. It is averred by the petitioner that he was delayed in the preparation of this brief by his inability to obtain the notes of testimony. This idle assertion might pass unnoticed if it were included as a formal makeweight among material reasons; but since it is made the sole basis for indulgence we observe, for the benefit of those who may be inclined to follow the practice, that this Court is so aware of the fact that counsel can always obtain the notes of testimony without delay by the simple process of ordering them from the court stenographer during the progress or at the close of the trial, that it will be altogether useless to rely upon an assertion to the contrary as ground for delay.

To say there is no merit in this application will appear as an understatement from a recital of the facts. Upon the entry of a nonsuit on January 19th the stenographer asked the plaintiff's attorney if he wanted the notes of testimony. He replied that he did not as he proposed to ask for a continuance of a month when the case was called for argument. No such application was made however and the case was argued on January 25th and the petitioner given until the following Saturday to file a supplemental brief. This was for the single purpose of enabling the petitioner to discuss a decision the Court considered controlling, of which the petitioner said he was unaware. The brief was not however filed and on February 15th the petitioner wrote the trial judge, stating that his delay was due to inability to obtain the notes of testimony but that he would now file his brief "in short order".

The impression that this remark may have been intended to create was not however fulfilled and after vainly waiting until March 4th the Court overruled the motion to take off the nonsuit.

It would be idle to characterize this application to the indulgence of the Court as impertinent. As Mr. Justice

Mitchell a good many years ago found occasion to remark:

"When these irrelevant and overworked generalities are thus called in, it may be safely assumed that the advocate has little confidence in his more definite and substantial arguments. The learned judge below said that 'this objection seems to be somewhat belated,' and he might truly have said that it was not only belated but exceedingly flimsy."

To this we feel constrained to add that the excuse attempted is patently false.

In order however that the petitioner's client may suffer no deprivation we have considered the brief on the merits, attached to the petition for a reargument and find nothing in it to alter our conclusion that the plaintiff's decedent was clearly guilty of contributory negligence and the nonsuit was properly entered by the trial judge.

The petition for a reargument is denied.